Josephine A. Van Patten, defendant and appellant,

*v.*

William G. Campbell, complainant and respondent.

[Filed May 22d, 1899.]

Upon the proofs shown in this case—*Held*, that the title of J. A. Van P. to the lands in question, acquired by her through Mrs. Gibby, was vested in her as a trustee for the devisees of Peter Campbell, deceased, and that the conveyances by P. C. in his lifetime to J. A. Van P. and S. J. G. were not made in fraud of creditors, and that J. A. Van P. now holds the lands conveyed to

her either by P. C. or by Mrs. Gibby, not conveyed away to *bona fide* purchasers, in trust as aforesaid, and that to carry out the purposes of this suit the will of P. C. should be probated.

On appeal from a decree advised by Vice-Chancellor Reed, who delivered the following conclusions :

Peter Campbell died January 24th, 1890, aged ninety years, leaving six children, one of whom was William G. Campbell, the complainant, and another was Josephine A. Van Patten, the defendant. He made his will in 1877. He left his homestead to his widow for life, and after her death to the children of his children. He directed that the residue of his property, real and personal, should be sold and that the executors should hold the proceeds to the use of his children, one-sixth part to each, during their lives, and the remainder to the children of each. He appointed his wife, Sarah Jane, and his friend John W. Campbell, his executors. The will was never proved.

It appears that on September 24th, 1878, the testator made a deed to the defendant, Josephine A. Van Patten, for the expressed consideration of $20,000, of all his property, of blocks B and C on a map of the property of Peter Campbell, in the city of Newark, adjoining the proposed park of the city. There was excepted out of block C seven lots, Nos. 32 to 38 inclusive.

It appears that on February 27th, 1879, the testator made a deed to one Samuel J. Gibby, of Lowell, Massachusetts, for the expressed consideration of $8,500, of nine tracts of land.

On September 27th, 1880, Josephine A. Van Patten executed a deed of the land conveyed to her by her father back to him.

On January 20th, 1880, Samuel J. Gibby, to whom a conveyance had been made, also executed a deed, conveying back to the testator the said property. These deeds were never recorded. Exactly what became of them after their execution does not appear. The deed of Mrs. Van Patten to the testator was brought with other papers to Mr. Olds in September, 1887, and the back deed from Gibby to the testator was left in Mr.

Olds' office by Judge Gibby, a cousin of Samuel J. Gibby, in February, 1888.

In 1887 the taxes upon the property were unpaid, bills of the testator were outstanding and he was desirous of getting a loan upon his property. For that purpose he consulted Mr. Olds, an attorney. After many consultations, at some of which Mrs. Van Patten was present, it was agreed that the title to all the property—both that which had been conveyed to Gibby and that which had been conveyed to Mrs. Van Patten—should be put in Mrs. Van Patten. For some reason the two back deeds were disregarded. The object aimed at them was to get the record title in the name of some one other than the testator. In pursuance of this purpose it was proposed to get a new deed from the Gibbys. Samuel J. Gibby was dead but had left a will in which he had devised his property to his widow. She consented to make a deed of the property conveyed to her husband by testator. Josephine A. Van Patten and Mr. Olds went to Lowell, Massachusetts, where Mrs. Gibby resided, and they, with Mr. Greenlaugh, the attorney of Mrs. Gibby, had a voluntary deed executed by Mrs. Gibby. At the time of its execution Mr. Greenlaugh drew a receipt, which was signed by Mrs. Van Patten. In this receipt she acknowledged that the conveyance was made to her simply to put the title in the parties really entitled, and that Josephine A. Van Patten was to hold the same in trust for the said parties. Mr. Olds took and still retains possession of this deed, which he had recorded.

After the execution of this deed a mortgage was made by Josephine A. Van Patten upon all the property to one Mr. Van Ness for a loan of $6,000, of which $6,000 about $4,400 were retained by the counsel of Mr. Van Ness to pay back taxes and clear off encumbrances, and $1,413.60 were paid by Mr. Van Ness in cash. The expenses and commissions were deducted from this last sum, leaving $793.30, which were deposited in the bank to be used for the support of the testator and in paying taxes and making repairs. This money, by an arrangement to which Mrs. Van Patten was a party, was deposited in the names of James, William and Josephine, three of the testator's

children, and also in the name of Mr. Olds, the counsel, and thereafter was drawn upon by their joint checks.

Some time after the death of the testator Josephine A. Van Patten set up the claim that the property was hers and that she did not hold it as trustee, and refused to acknowledge any right of any of these other children in the same.

The purpose of this bill is to establish a trust in favor of the devisees of Peter Campbell and to have an accounting from Mrs. Van Patten of the amounts of moneys received by her from certain portions of the property of which she has disposed.

It is too obvious for any extended discussion that the conveyance made to Josephine A. Van Patten by the testator was made, not as an advancement, nor as a remuneration for services, nor for any valuable consideration. It was made to be held for the use of the grantor. The deed to Samuel J. Gibby, the manner in which the property was used, the execution of the back deeds, the conveyance of the Gibby property to Josephine A. Van Patten, her acknowledgment that she held it in trust, and the subsequent mortgage to Mr. Van Ness, and the manner in which the money loaned upon this mortgage was treated, demonstrate the fact that Mrs. Van Patten understood distinctly that her title to the property was that of a trustee.

The testimony in respect to the execution of the deed of Mr. Gibby and of Mrs. Van Patten back to the testator renders it probable that the legal title was vested in the testator by those deeds. If those deeds were delivered to the testator there would be no need for the intervention of this court to declare the existence of a trust. Inasmuch, however, as this is not clear, and as Mrs. Van Patten sets up a colorable claim to the property as its legal owner, therefore, for the purpose of quieting the title, I think the court should declare that whatever interest Mrs. Van Patten got from the testator, directly or indirectly through Mrs. Gibby, is held in trust for the devisees of the testator.

Further, I do not think that it is proved that the deeds made by Peter Campbell to Mr. Gibby and Mrs. Van Patten were made for the purpose of defrauding his creditors. This purpose may be suspected, but in my judgment it is not proved. I will

Van Patten v. Campbell.

advise a decree declaring that Mrs. Van Patten holds all the land conveyed to her, either by Peter Campbell or by Mrs. Gibby, which she has not conveyed to *bona fide* purchasers, in trust for the devisees of Peter Campbell; that she be decreed to make a deed or deeds for all such lands to a trustee to be appointed to carry out the provisions of the will.

Inasmuch as the functions of the executors under the will are so interwoven with their duties as trustees, I think it will be better that the will should be probated, and the same party appointed by the orphans court as administrator *cum testamento annexo* and trustee. An accounting, of course, will be decreed, to ascertain what has been retained by Josephine A. Van Patten from the property sold by her. I am unable now to fix the details of the decree, but will do so after the trustee is appointed, upon a regular notice and hearing of their respective counsel.

*Mr. Charles T. Glen*, for the appellant.

*Mr. Franklin M. Olds*, for the respondent.

PER CURIAM.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, GUMMERE, LUDLOW, COLLINS, HENDRICKSON, ADAMS, NIXON—8.

*For reversal*—VREDENBURGH—1.